# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

**STATE OF MINNESOTA**                                          **DISTRICT COURT**
**County of Hennepin**                 Judicial District:       Fourth
                                       Case Type:               Civil Other/ Misc.

Barbara Stinnett,                      )
                                       )
                                       )
                Plaintiff,   )
                                       )
                                       )
     v.                            )
                                       )
Trans Union LLC, Experian Information  )        **COMPLAINT**
Solutions, Inc., Equifax Information   )
Services, LLC,                         )
                                       )
                Defendants.  )
                                       )
                                       )

Plaintiff, by and through her attorney, for her complaint against Defendants upon

personal knowledge as to her own facts and conduct and on information and belief as to all

other matters, states and alleges as follows:

## INTRODUCTION

The following case involves a major credit reporting agency falsely reporting incorrect

information concerning Comenity Capital Build. Defendants, Trans Union, LLC ("Trans

Union"), Equifax Information Services, LLC ("Equifax"), and Experian Information

Solutions, Inc. ("Experian"), have repeatedly reported incorrect information despite

Plaintiff's attempts to correct the highly prejudicial false credit information contained in

Plaintiff's report. The alleged debt in this tradeline was for merchandise that Plaintiff had

already returned. Despite repeated attempts to correct this information, Defendants failed to

respond to Plaintiff's dispute, yet failed to delete the information as required by law. The

effect of Defendants' actions was damage to Plaintiff's credit score frustrating, if not totally

3

preventing, her ability to utilize the credit system. Based on the false information reported by Defendants, Plaintiff was unable to obtain approval for a mortgage. Without other recourse available and after numerous attempts to amicably resolve this matter, Plaintiff commenced the action.

## STATEMENT OF JURISDICTION AND VENUE

1.     This Court has Jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA"), which permits consumers to file suit in the courts of their respective states.

2.     Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## PARTIES

3.     Plaintiff is an adult resident of Hennepin, Minnesota.

4.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

5.     Trans Union, LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans Union has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

6.     Experian Information Solutions Inc. ("Experian") is a nationally recognized consumer reporting agency (CRA) registered in the state of Ohio: Experian has a service of process address listed as 1010 Dale St N. St Paul, Minnesota.

4

Stinnett- 00730

7.     Equifax Information Services, LLC ("Equifax") is a nationally recognized agency (CRA) registered in the State of Georgia with a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

## FACTS

8.     Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

9.     Defendants (collectively "CRAs") prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information.

10.    Plaintiff promptly disputed the alleged debt with the CRAs.

11.    Specifically, Plaintiff sent all Defendants such notices via certified mail on or about March 15, 2021.

12.    Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

13.    Defendants all failed to respond to Plaintiff's dispute yet failed to delete the information as required by law.

14.    Various individuals seeking to lend to Plaintiff consulted the consumer reports furnished by Defendant containing the false and misleading information at issue.

15.    As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

5

16.     Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

## APPLICABLE STATUTORY LAW

17.     CRAs that sell consumer reports must comply with the FCRA. FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in his or her report and that procedures exist to assure outdated information is not contained on consumer reports.

18.     Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

19.     The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

20.     CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

## FIRST COUNT

### Willful Noncompliance with the FCRA

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

Stinnett- 00730

22.     The CRAs all willfully failed to comply with the requirements of FCRA, including but

not limited to:

        a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in

        publishing a report with obsolete information.

        b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in

        failing to conduct a reinvestigation of the disputed.

        c. failing to follow reasonable procedures to assure maximum possible accuracy

        of the information in reports concerning Plaintiff, as required by 15 USC §

        1681e(b);

        d. failing to comply with the requirements of 15 USC § 1681g;

        e. failing to comply with the requirements of 15 USC § 1681i; and

        f. failing to comply with the requirements of 15 USC § 1681c-2.

As a result of Defendants' failure to comply with the requirements of the FCRA, Plaintiff

has suffered, and continues to suffer, actual damages, including economic loss, lost

opportunity to receive credit, damage to reputation, interference with her normal and

usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry,

and related health problems, for which Plaintiff seeks damages in an amount to be

determined by the jury.

## SECOND COUNT

### Negligent Noncompliance with the FCRA

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

7

24.    The CRAs all negligently failed to comply with the requirements of FCRA, including but not limited to:

   d.   failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

   e.   failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed.

   f.   failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

   d.   failing to comply with the requirements of 15 USC § 1681g;

   e.   failing to comply with the requirements of 15 USC § 1681i; and

   f.   failing to comply with the requirements of 15 USC § 1681c-2.

25.    As a result of Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

### Jury Demand

26.    Plaintiff hereby demands a trial by jury.

### Prayer for Relief

8

Stinnett- 00730

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for

Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.     All actual compensatory damages suffered;

b.     statutory damages in an amount up to $1,000.00 per violation per plaintiff,

pursuant to 15 U.S.C. §1681n;

c.     Injunctive relief prohibiting such conduct in the future;

d.     Reasonable attorney's fees, litigation expenses, and cost of suit; and

e.     Any other relief deemed appropriate by this Honorable Court.


Dated: January 13, 2022                    **MADGETT LAW**

                                           /s/David Madgett
                                           David Madgett (#0390494)
                                           333 S 7th Street, Suite 2450
                                           Minneapolis, MN 55402
                                           612.470.5582
                                           dmadgett@mnlegalassistance.com
                                           ATTORNEY FOR PLAINTIFF


9